UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| JAKE J. RUFFINO,<br>*Plaintiff*,<br><br>v.<br><br>ROLLIN COOK, et al.,<br>*Defendants*. | :<br>:<br>:<br>: Civil No. 3:21-cv-311 (VAB)<br>:<br>:<br>:<br>:<br>: |

**INITIAL REVIEW ORDER**

Jake J. Ruffino ("Plaintiff"), currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, has filed a Complaint *pro se*, under 42 U.S.C. § 1983. Mr. Ruffino names six defendants: former Commissioner Rollin Cook, District Administrator Angel Quiros, Warden Nathan Hein, Governor Ned Lamont, Regional Chief Operating Officer of Health Services Michael Green, and Department of Correction Chief Medical Officer Byron Kennedy. *See* Compl., ECF No. 1 (Mar. 10, 2021).

Mr. Ruffino asserts claims for deliberate indifference to health and safety, and seeks monetary damages and declaratory relief from the Defendants in their individual capacities.

**I.    BACKGROUND**

On April 19, 2020, at the Bridgeport Correctional Center ("Bridgeport"), Mr. Ruffino allegedly tested positive for COVD-19. *Id.* ¶ 1. COVID-19 allegedly is a virus that causes fever, coughing, sweating, muscle aches, and respiratory issues. *Id.* ¶ 2. The virus allegedly is very contagious and can live on surfaces for days. *Id.* Individuals, like Mr. Ruffino, with existing medical conditions, allegedly are at higher risk of having serious effects from the virus. *Id.*

Before April 19, 2020, supervisory officials allegedly knew or should have known that reasonable measures were not being taken at the Bridgeport Correctional Center to prevent the

virus from entering the facility and spreading to staff and inmates. *Id.* ¶ 3. Masks allegedly were not mandatory and both inmates and staff regularly did not wear them. *Id.* ¶ 4. Frequently touched surfaces, such as phones, door handles, and tables, allegedly were not regularly sanitized. *Id.* ¶ 5. Large groups of inmates allegedly were required to recreate together in small spaces. *Id.* ¶ 6. There allegedly was no facility-wide testing for staff or inmates. *Id.* ¶ 7. Staff and visitors allegedly were not tested and their temperatures were not taken before they entered the facility. *Id.* ¶ 8.

Quarantine status within the Department of Correction allegedly was very restrictive, including lack of showers for two weeks. *Id.* ¶ 9. Inmates allegedly frequently did not report symptoms to avoid being placed in quarantine. *Id.* Inmates who were placed in quarantine allegedly were not re-tested before returning to general population. *Id.* ¶ 10. The quarantine area allegedly was close to Mr. Ruffino's cell and shared air vents with his cell. *Id.* ¶ 11. Mr. Ruffino allegedly was exposed to COVID-19 through the air vents. *Id.*

COVID-19 allegedly has left Mr. Ruffino with no sense of smell, a diminished sense of taste, and neurological injuries including difficulty with concentration and memory loss. *Id.* ¶ 14.

## II.    STANDARD OF REVIEW

Under Section 1915A of Title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). This requirement applies both when the plaintiff pays the filing fee and when he proceeds *in forma pauperis*. *See Carr v.*

*Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, notwithstanding this liberal interpretation, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

## III.   DISCUSSION

Mr. Ruffino alleges that the Defendants knew or should have known about the seriousness of COVID-19, but failed to take reasonable measures to prevent the entry and spread of the virus in correctional facilities in general and in Bridgeport particularly. Compl. ¶ 12.

As Mr. Ruffino has not been convicted of the current offense resulting in his incarceration,[1] the Court considers his claim under the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference claims of pretrial detainees are considered under the Fourteenth Amendment while claims of sentenced prisoners are considered under the Eighth Amendment).

---

[1] *See* Connecticut Department of Correction Inmate Search, http://www.ctinmateinfo.state.ct.us/ (last visited May 14, 2021).

"A pretrial detainee may not be punished at all under the Fourteenth Amendment, whether . . . by deliberate indifference to conditions of confinement, or otherwise." *Id.* at 35. To state a deliberate indifference claim, Mr. Ruffino first must allege facts showing that the challenged condition "pose[d] an unreasonable risk of serious damage to his health, which includes the risk of serious damage to physical and mental soundness." *Id.* at 30 (internal citation and quotation marks omitted) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)). "[T]he conditions themselves must be evaluated in light of contemporary standards of decency." *Id.* (internal quotation marks omitted). This inquiry focuses on the "severity and duration" of the conditions, "not the detainee's resulting injury." *Id.* at 32 (citing *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015)). Mr. Ruffino also must show that "the defendant-official acted intentionally to impose the alleged condition" or that he "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

The first part of the deliberate indifference test is the same for claims under the Eighth and Fourteenth Amendments. *Id.* (applying new objective standard for second party of the deliberate indifference test for pretrial detainees but not changing standard for first part of test). A condition is objectively serious if it "pose[s] an unreasonable risk of serious damage to [a prisoner's] future health." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2001) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). Thus, the first component "relates to the seriousness of the injury." *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994).

"[C]orrectional officials have an affirmative obligation to protect inmates from infectious disease." *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996). Courts have found that "an inmate

4

can face a substantial risk of serious harm in prison from COVID-19 if a prison does not take adequate measures to counter the spread of the virus." *Chunn v. Edge*, 465 F. Supp. 3d 168, 200-01 (E.D.N.Y. 2020) (citing cases). As Mr. Ruffino claims relate to the spread of COVID-19, his allegations satisfy the first component of the deliberate indifference test.

Mr. Ruffino next must allege sufficient facts to show that each Defendant acted intentionally or recklessly failed to act with reasonable case to mitigate the risk of inmates contracting COVID-19. Mr. Ruffino alleges no facts suggesting that any defendant acted intentionally. Instead, he alleges a failure to act in a timely manner to implement protective measures when they knew of the seriousness of the virus.

Defendants, however, are all supervisory officials, holding positions of warden, commissioner, administrator and director. They cannot be held liable merely because they hold supervisory positions. The Second Circuit has recently clarified the standard to be applied to a claim of supervisory liability. *Tangreti v. Bachman*, 983 F.3d 609 (2d Cir.2020). Before the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Second Circuit had identified five categories of conduct that would establish liability of supervisors for the conduct of a subordinate in a section 1983 action.

In *Iqbal*, the Supreme Court rejected a theory of supervisory liability that permitted a supervisor to be "held liable based on a lesser showing of culpability than the constitutional violation requires." *Id.* at 617 (quoting *Iqbal*, 556 U.S. at 677) (internal quotation marks omitted). In *Tangreti*, the Second Circuit adopted this view and held that, "after *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* at 618 (quoting *Iqbal*, 556 U.S. at 676).

5

Although Mr. Ruffino alleges that the Defendants failed to ensure that staff and inmates wore masks at all times and that frequently touched surfaces were regularly disinfected, he allegedly contracted COVID-19 through the air vents shared with nearby quarantine cells. Compl. ¶ 11. He alleges no facts suggesting that any Defendant was aware, or should have been aware, that the virus could be transmitted in this manner. Thus, he fails to satisfy the second component of the deliberate indifference test.

Further, Governor Lamont declared a state of emergency in Connecticut due to COVID-19 on March 10, 2020, and issued the first executive order requiring masks and social distancing in public places on April 17, 2020, effective April 20, 2020. *See* Executive Order No. 7BB, https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-Orders/Executive-Order-No-7BB.pdf (last visited May 14, 2021). Mr. Ruffino generally alleges that the Defendants knew or should have known that COVID-19 was very contagious and taken steps to prevent the spread of the virus. His allegations sound in negligence which is insufficient to satisfy the second component. *Darnell*, 849 F.3d at 36 (the detainee must show that the defendant acted recklessly or intentionally, not merely negligently).

Mr. Ruffino does not identify any information from March 2020 that would have put the defendants on notice of what steps should have been taken in advance of the Governor's order, information the defendants recklessly disregarded. Mr. Ruffino's allegations, based on hindsight, are insufficient to show that the defendants failed to act with reasonable care in March and April 2020. *See Green v. Shaw*, No. 3:16-cv-913(CSH), 2019 WL 1427448, at *6 (D. Conn. Mar. 29, 2019) (hindsight cannot be used to show deliberate indifference to a serious need unknown at the time), *aff'd,* 827 F. App'x 95 (2d Cir. 2020). Mr. Ruffino's statements also are conclusory and cannot support a section 1983 claim. *See Chavis v. Chappius*, 618 F.3d 162, 170

(2d Cir. 2010) ("threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice" and the court cannot "invent new factual allegations" not included in the complaint).

Accordingly, the Complaint will be dismissed under 28 U.S.C. § 1915A(b)(1).

## IV.   CONCLUSION

The Complaint is **DISMISSED** without prejudice.

Mr. Ruffino may file an Amended Complaint provided he can allege facts sufficient to show that the Defendants were aware of protocols that should have been implemented before the Governor's April 2020 order.

Any Amended Complaint shall be filed by **June 25, 2021**. A failure to file an Amended Complaint by that date may result in dismissal of this case.

**SO ORDERED** this 14th day of May 2021 at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE